|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 4:11-70869 MAG (LB) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DETENTION ORDER AND SPEEDY |
| v. | ) | TRIAL EXCLUSION |
| | ) | |
| CARMEN MARIA FLORES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. DETENTION ORDER

Following a hearing under 18 U.S.C. § 3142(f), considering the factors set forth in section 3142(g), and for the reasons stated on the record in open court, the Court finds that in this presumption case, *see* section 3142(e)(3)(A), no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case or the safety of any other person or the community. In particular, the serious narcotics offenses here involve 11 pounds of methamphetamine being transported by the defendant in a load car with hidden compartments. As the presumption itself demonstrates, the nature of the offense itself shows danger to the community. In addition, as stated on the record, the court had concerns about whether – given what the record currently shows about events in Oregon – the court could fashion conditions that will reasonably assure the defendant's appearance in these proceedings.

DETENTION ORDER
CR 4:11-70869 MAG (LB)

The court acknowledges that members of Ms. Flores's family were present in court and were willing to co-sign on an unsecured appearance bond. But the proffered co-signing by persons of modest means did not mitigate the court's concerns about flight risk sufficiently. The reason that sureties can mitigate flight risk is that often the risk of financial ruin to responsible family members or friends can assure a defendant's appearance in court, mostly because the defendant recognizes that failing to comply with bond conditions comes not only at a cost to the defendant, but also to others. Those incentives do not exist here, at least not on this record with these proposed sureties (given the events in Oregon, Ms. Flores's long-term lack of lawful employment, and the substantial drug quantity at issue). (The court recognizes that the weight of the evidence is the least significant factor because under the bail statute, the court's inquiry is not whether a defendant is guilty but instead is whether a defendant will show up to court appearances and not pose a danger. But the offense conduct – particularly in a presumption case – is relevant to the court's assessment of the factors under the bail statute.)

Because this court reaches this conclusion based on the now-existing record, the court orders Ms. Flores detained without prejudice to her raising additional information at a future bail hearing relevant to the court's articulated concerns at the detention hearing about flight risk.

## II.  CONCLUSION

The Court detains the defendant as a danger to the community and as a flight. The Court orders the defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: August 10, 2011

LAUREL BEELER
United States Magistrate Judge

DETENTION ORDER
CR 4:11-70869 MAG (LB)                 2